# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| OMARR ROYALE WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:19-CV-432-TLS-JPK |
| OSCAR MARTINEZ, JR., et al., | |
| Defendants. | |

## OPINION AND ORDER

Omarr Royale Williams, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Williams alleges that, on October 10, 2019, staff from the Lake County Jail prevented him from receiving legal mail from an individual who was not affiliated with the court or his attorney. When he explained to jail staff that he was proceeding pro se with respect to pending litigation, they told him that legal mail must come from the court or an attorney and

to provide a court order verifying his pro se status. For his claims, he seeks money damages and injunctive relief.

Williams asserts a claim of interference of access to the courts against three defendants for preventing him from receiving legal mail. While pretrial detainees retain their right to free speech and right to privacy, these rights are not absolute, and the Seventh Circuit Court of Appeals has concluded that "the interest of the state in monitoring the nonprivileged correspondence of the pretrial detainees justifies the minor burden that it places on their freedom to communicate with friends and relatives." *Smith v. Shimp*, 562 F.2d 423, 425 (7th Cir. 1977); *see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986). "An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts." *Kaufman v. McCaughtry,* 419 F.3d 678, 685–86 (7th Cir. 2005). "Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Id.*

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

In the complaint, Williams does not describe how the jail's requirements for legal mail have harmed his legal claims. Though he vaguely references deadlines, he does not identify any specific deadline or any specific case that was prejudiced due to the jail's legal mail policy. Further, considering the narrow definition of legal mail in *Kaufman*, the mail described in the complaint does not qualify as legal mail subject to the constitutional safeguard of being opened only in the presence of the recipient inmate. Additionally, it is unclear how requiring inmates to provide documentation demonstrating their pro se status for access to additional legal resources constitutes an unjustified or material hindrance to inmates' ability to access the courts. In sum, the complaint does not state a valid claim, and Williams may not proceed on the complaint.

Nevertheless, if Williams believes he can address the deficiencies set forth in this order, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this Opinion and Order.

For these reasons, the Court:

(1) GRANTS Omarr Royale Williams until <u>March 9, 2020</u>, to file an amended complaint; and

(2) CAUTIONS Omarr Royale Williams, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on February 5, 2020.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT